IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA
_____

| | |
|---|---|
| KENNETH K. HENDERSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDFIRST BANK, et al., <br><br> Defendants. | Case No. 6:21-cv-265-TMT |

_____

**MEMORANDUM DECISION AND ORDER DISMISSING CASE**
_____

Pro se plaintiff Kenneth K. Henderson sues a variety of defendants and alleges theft of inheritance in Oklahoma, discrimination against heirs, and child abduction. His claims are primarily supported only by filings that Henderson wrote for other cases. Among the named defendants are companies without ties to Oklahoma, county courts and school districts in California, energy and transportation companies, and multiple hospitals.

Henderson submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, which the court granted. Some defendants move to dismiss the claims. The court has now reviewed all of Henderson's complaints. For the reasons below, his case is dismissed under 28 U.S.C. § 1915(e) for frivolousness and failure to state a claim upon which relief may be granted.

## I. Background

Henderson sues a long list of defendants for a variety of claims. As background for this case, his allegations are aggregated and summarized below.

1. McCullough-Nolitubby heirs were killed for their allotted lands.
    - Henderson provides a list of individuals he claims to be heirs.
    - He claims there were "tremendous amounts of untimely deaths from murderous acts of poisoning" and that Oklahoma court judges concealed wills to prevent the rightful heirs from receiving their land inheritance.

2. Orange County Superior Courts and the Irvine Company denied Henderson and his children land inheritance and mineral rights.
    - Henderson claims that energy companies, Santa Fe Railroad holding companies, and government entities gained "potentially billions" in mineral rights from stolen lands of Black Washita, Caddo, and Seminole Indians through secretly planned marriages and murder by poison.
    - He claims the Irvine Company embezzled millions from David and Laura McCullough's Oklahoma minerals by sending minerals to California.
    - He claims that agents from Santa Fe Holdings likely contributed to the theft of Alvin Watkins's retirement benefit through identity theft and money laundering.
    - He claims the Stratham Group colluded with Orange County Department of Child Support Services to block, alter, or conceal hundreds of mail deliveries and phone calls to Henderson and his daughters to deny them access to allotted lands with mineral rights. He also claims that Stratham targeted Henderson with US mail fraud, phone hacking, gaslighting, and unauthorized in-home camera surveillance, and that Stratham compromised Henderson's employee checks.
    - Henderson claims that school superintendents committed federal funding fraud by denying Henderson support for his special needs child. He alleges that the Orange County Courts used the 2017 Superintendent in a money-laundering scheme almost 100 years ago to claim allotted lands and mineral rights.
    - He claims the Anadarko Indian Boarding school is actively concealing photos of black Wichita students before 1944 to conceal genocidal facts to eliminate the Wichita people from history. He alleges that the Anadarko school is colluding with the Oklahoma state courts by refusing to provide evidence about children being murdered, buried in the school, abused, or separated from parents to conceal fraudulent court-appoint theft of inherited lands.

- He claims Orange County Superior Courts have colluded with Henderson's mother and grandmother to fabricate mental health records and diagnoses of threatening behaviors toward children to deny Henderson his rights as a father.

3. The Irvine Stratham Group discriminated against and separated children from their parents as Black Wall Street Heirs.
    - Henderson claims that Stratham is a modern-day plantation that financially assists school districts and government entities, and he alleges that Stratham agents committed racist acts of car theft, years of mail fraud to deny due process, and financially limited a parent's child support paycheck by acting as a third-party biller.
    - Henderson claims that Black Native Americans were discriminated against by being assigned parking spots farther away from their apartments, which enabled the agents to conduct unauthorized surveillance on the individuals and their children.
    - He claims that agents would steal and vandalize legal documents, clothing, and furniture to cause the parents to lose custody of their children.

4. Mail fraud and racketeering.
    - Henderson argues that the Orange County Superior Courts, the Irvine Company, and the Irvine Stratham Group should be prosecuted for mail fraud and racketeering.
    - He claims that these entities financially targeted the inheritance of child heirs and used mail fraud to deny the heirs due process of court filings in multiple states.

5. Temecula Valley's attempted murder plot of Monica Henderson.
    - Henderson claims that Orange County Superior Courts, Irvine, spouses married to McCullough heirs, Stratham, Wells Fargo, CSX, energy companies, UHS IT systems owned by George Washington University, Corona Regional Hospital, and Temecula Valley Hospital conspired to kill Monica Henderson.
    - He claims the above entities attempted to conceal her medical records, leading to excessive bleeding during surgery due to unnecessarily prescribed medications for a prior stroke and heart attack.
    - He claims Corona Hospital would potentially gain billions of dollars from Monica Henderson's death from the inheritance theft and life insurance policies Monica placed on her and her heirs who were the rightful owners of hundreds of acres of allotted lands and mineral rights.

6. Orange and Corona School Districts colluded with the mother to deny Henderson's children 504 and IEP program protection to continually target child heirs for inheritance theft, in violation of 18 U.S.C. § 666.
   - Henderson alleges his daughter, Maya, was sent home due to the COVID-19 pandemic and was denied her 504 plan. This caused her to fail almost every class without Henderson being notified.
   - Henderson also alleges his daughter, Jordy, was denied federal funding for the IEP in 2020.

7. January 6th investigation request.
   - Henderson requests that the January 6th Committee investigate all Trump-appointed judges' involvement in fraudulent probate rulings under the Sigler Act.
   - Henderson claims that the Trump Administration would have sold Canada thousands of acres belonging to Black Native Americans to a white, non-indigenous man, Michael James Dowland.

Henderson seeks various forms of relief for his claims. His requests are summarized below.

1. Lula Dunford's will should be released and the land at issue should be processed in Seminole County Court.

2. All those occupying lands associated with Henderson's relations should be considered trespassers and removed.

3. McCullough heirs should be compensated for a $2,000,000 mortgage and the mineral rights should be divided.

4. A paid family attorney should be hired to review mineral rights.

5. All Nolitubby-McCullough heirs should be compensated $10,000,000 for lost wages and mental anguish.

6. A court should review the UCC filings and the Walker mortgage.

7. Federal and tribal courts should review US military actions in the 1960s and 1970s regarding the drafting and use of Black men.

8. Henderson and his three daughters should be enrolled in the Seminole Nations, and his three children should be enrolled in the Anadarko Indian Boarding schools.

9. Financial assistance should be provided to Henderson and his daughters in the amount of $500,000, and he should receive approval to move the children. Alternatively, a tribal court should rule that all three daughters will attend Sherman Riverside Boarding school in California through high school.

10. Monica Henderson should receive financial support.

11. Each school district should pay $5,000,000 for deliberate attacks against the three daughters.

12. The Stratham Group should pay $1,000,000 for a mail fraud scheme when it forced Henderson to park far away from his car for purposes of unauthorized surveillance.

13. The court must recognize that the Walkers have no connection to the McCulloughs or Nolitubbys.

14. The Anadarko Indian boarding school must acknowledge Henderson's ancestors.

15. Henderson should receive $10,000,000 from CSX and $10,000,000 from Irvine.

16. All courts should create further protections for Native American parents and children against cybercrime.

## II. Analysis

A court must dismiss an *in forma pauperis* claim "at any time" once the court determines the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact" such as alleging an "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). *See Schlicher v.*

*Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (an action is frivolous under § 1915(e)(2)(B) if the claim is "based on an indisputably meritless legal theory" or is "founded on clearly baseless factual contentions"). A complaint is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When determining whether a complaint is frivolous, we need not accept the allegations in the pleadings as true; however, the allegations must be "weighted in favor of the plaintiff." *Denton*, 504 U.S. at 32. If the plaintiff states an arguable claim for relief, dismissal for frivolousness is improper even if the underlying legal basis proves incorrect. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)).

Applying the above legal standard, the court finds that Henderson's complaint and amendments are frivolous and fail to state a claim on which relief can be granted.

First, Henderson's allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Because his complaints are frivolous, they must be dismissed. *See* 28 U.S.C. § 1915(e)(2).

Second, Henderson fails to allege the elements of a cause of action in even a conclusory manner. *See e.g.*, *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008) (holding that "[p]laintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United

States, and that the defendants deprived them of this right acting under color of law"). Even assuming all of Henderson's factual allegations to be true, he does not allege any facts showing (1) any deprivation of a federal right, or (2) that any defendant acted under color of state law. The complaint and amendments simply lack any facial plausibility or relation to any federal claim and must be dismissed. *See* 28 U.S.C. § 1915(e)(2).

A pro se plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Hall*, 935 F.2d at 1110. While pro se litigants are "given reasonable opportunity to remedy the defects in their pleadings," *id.* at 1110 n. 3, the court should dismiss the claim where it is obvious that he cannot prevail on the facts he has alleged, and "it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir.1999). In this case not one of Henderson's complaints or amendments comes close to stating a claim. Because Henderson's filings are all so far from stating a claim and are uniformly delusional, the court finds that it would be futile to allow Henderson to attempt to further amend his complaint.

### III. Conclusion

Based on the foregoing, it is therefore

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), Henderson's complaint is DISMISSED.

7

ORDERED that all other filings in this case are DENIED as moot.

The clerk of court is directed to close this case.

**DATED** this 1st day of April, 2022.

                                      BY THE COURT:

                                      */s/ Timothy M. Tymkovich*

                                      _____
                                      Timothy M. Tymkovich, Chief Judge
                                      10th Circuit Court of Appeals